IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID PHILLIPS, individually and on behalf of all others similarly situated, | ) ) ) |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 6:18-cv-418 |
| | ) ) |
| CREDIT PROTECTION ASSOCIATION, L.P. | ) **JURY TRIAL DEMANDED** ) ) |
| | ) ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff David Phillips, individually and on behalf of all others similarly situated, by and through the undersigned counsel, and for his Complaint against Defendant, Credit Protection Association, L.P.., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendant's collection activities violated the FDCPA.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.);

Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

8. Plaintiff, David Phillips (hereafter "Mr. Phillips"), is a natural person currently residing in the State of Texas.

9. Mr. Phillips is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10. Defendant Credit Protection Association L.P. ("CPA") is a Texas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its corporate headquarters located at 13355 Noel Road, 21st Floor, Dallas, Texas 75240

11. CPA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12. CPA regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

14. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

15. On or about April 23, 2018, CPA sent the Plaintiff a collection letter. Said letter is attached and fully incorporated herein as **Exhibit A**.

16. Said letter stated: "It has been 5 months since your account has been turned over for collections and **we can't understand why this has not been paid**." (emphasis added).

17. As a debt collector, Defendant should be aware or should know that there are many reasons why a consumer might not have paid an alleged debt. As an example, the consumer may dispute the amount partially or in its entirety.

18. Therefore, Defendant clearly intended the language of the letter to be threatening, disparaging, and demeaning.

19. Defendant's letter is aggressive and combative.

20. As further evidence of the threatening nature of the letter, Defendants letter states: "Ignoring this debt will not make collection efforts stop."

21. Defendant's letter made an overt threat that a lawsuit was imminent.

22. These statements are clearly veiled threats used as a pressure tactic and aimed to manipulate the least sophisticated consumer into making payment on the alleged debt out of fear of reprisal.

23. This veiled threat is egregious in that it does not even specify what, if any, "collection efforts" will be used against the least sophisticated consumer to collect the alleged debt.

24. The least sophisticated consumer is left to ponder over what "collection efforts" could potentially befall them if they didn't make payment on the alleged debt.

25. Upon information and belief, the veiled threats are made in a vague fashion to confuse and scare the least sophisticated consumer in order to convince them to make payments before any of these "collection efforts" can befall them.

26. Again, it is unclear to the least sophisticated consumer if these "collection efforts" include: the filing of a lawsuit against the least sophisticated consumer, reporting the least sophisticated consumer to the credit reporting agencies, calling the least sophisticated consumer's cell phone with the intent to harass them into making payments, threatening the least sophisticated consumer with the prosecution of a crime, threatening to garnish the unsophisticated consumer's wages, threatening to put a lien on the unsophisticated consumer's home, etc.

27. These statements are clearly meant to shame Plaintiff into paying the alleged debt.

28. This belligerent statement does not in any way inform the Plaintiff of his rights, but instead attempts to belittle Plaintiff.

29. Defendant does not stop with one comment, but rather continues to say: "The amount listed below is STILL outstanding and requires your immediate attention."

30. Defendant overemphasizes the word "still" as an attempt to further shame and embarrass Plaintiff.

31. In addition to blatantly attempting to demean Plaintiff, the letter additionally states: "ALWAYS PROTECT YOUR CREDIT RATING."

32. Upon information and belief, this capitalized and centered sentence is a veiled threat.

33. Upon information and belief, CPA attempts to trick the least sophisticated consumer into believing that the only way to protect his credit rating is to pay the alleged debt.

34. This statement also misleads the least sophisticated consumer.

35. This veiled threat is egregious in that it does not in any capacity attempt to inform Plaintiff of his several options to ensure his credit rating is safe.

36. The least sophisticated consumer is left to believe that the only choice to protect his credit rating is to pay an alleged debt.

37. Upon information and belief, the veiled threats are made in a vague fashion to confuse and scare the least sophisticated consumer in order to convince them to make payments.

38. Upon information and belief, CPA has no intention of reporting this alleged debt to any credit reporting agencies.

39. **Exhibit A** is deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

40. **Exhibit A** is deceptive and misleading as it failed to accurately describe the potential outcomes of paying or not paying the alleged debt. of 15 U.S.C. §§ 1692e, 1692e(10).

41. Plaintiff suffered injury-in-fact by being subjected to unfair and abusive practices of the Defendant.

42. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

48. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

50. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

51. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

52. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

53. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

54. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of

Defendant.

55. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

56. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## CLASS ALLEGATIONS

57. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. The identities of all class members are readily ascertainable from the records of CPA and those business and governmental entities on whose behalf it attempts to collect debts.

59. Excluded from the Plaintiff's Class is CPA and all officers, members, partners, managers, directors, and employees of CPA, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

60. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether CPA's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

61. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

62.  The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

63.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    b.  **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether CPA's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    c.  **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.  **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendant who, upon information and belief, collects debts throughout the United States of America.

64. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Further, CPA has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

67. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

68. This cause of action is brought on behalf of Plaintiff and the members of a class.

69. The class consists of all persons whom Defendant's records reflect resided in the State of Texas and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 23, 2018 (**Exhibit A**) and (a) the collection letter was sent to a consumer seeking to collect a debt for personal, family or household purposes; and (b) the collection letter was sent from one year before the date of this Complaint to the present; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

## **COUNT I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

57. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

58. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Making an omission as to the name of the original creditor violates § 1692e of the FDCPA.

60. Defendant's communications with Plaintiff were deceptive and misleading.

61. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

62. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, David Phillips, individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff David Phillips, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices**

63. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

64. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

65. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

66. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

67. Defendant's communications with Plaintiff were deceptive and misleading.

68. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

69. Defendant's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, David Phillips, individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff David Phillips, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

70. Plaintiff demands a trial by jury on all Counts so triable.

Dated: August 16, 2018

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road
Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com

*Attorneys for Plaintiff*